# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America** | ) | CASE NO. 1:06-cv-2927 |
| | ) | |
| **Appellant,** | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Kenneth Harchar, and** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| **Andrea Harchar** | ) | |
| | ) | |
| **Appellees** | ) | |
| | ) | |
| | ) | **Memorandum of Opinion and Order** |
| | ) | |

Currently before the Court is Appellant the United States of America's motion for clarification and partial rehearing. (Doc. 20). The government proffers three arguments that the Court should grant its motion. First, the government believes that the Court should clarify certain issues from the opinion that may decide the ultimate issue of liability. Second, the government argues that the Court misconceived the government's position regarding rights in post-confirmation property and seeks reconsideration of the Court's decision. Third, the government posits that the Supreme Court altered the 12(b)(6) standard in *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007). The Court will address these arguments in turn.

With respect to the first argument, the Court notes that the appeal was an unopposed interlocutory appeal of the Bankruptcy Court's denial of the government's motion to dismiss.

1

The Court affirmed denial of that motion as well as the Bankruptcy Court's refusal to convert the motion into a motion for summary judgment.  Simply put, the Court sees no reason to opine on issues that are unnecessary to that decision.  Rather, the proper forum for addressing liability is in the Bankruptcy Court.

Regarding the second argument, the Court disagrees that it misconceived the government's position.  The Court directs the government to its appeal brief:

> A third view, with which we agree, is that confirmation revests preexisting property of the estate in the debtor (except as otherwise provided in the plan), pursuant to § 1327, after which the future income slated for administration comes into the estate. This is the view of two of the three courts of appeals that have addressed the issue.  Matter of Heath, 115 F.3d 521 (7th Cir. 1997); Telfair v. First Union Mortgage Corp., 216 F.3d 1333, 1340 (11th Cir. 2000). (The district court's opinion in Heath, 198 B.R. 298 (S.D. Ind 1999), is perhaps more thorough.).

(Doc. 9, p. 27).

The government's cited cases, in turn, asked the question of whether post-confirmation funds were "necessary" for administration of the plan.  *See Telfair v. First Union Mortgage Corp.*, 216 F.3d 1333, 1340 (11th Cir. 2000) (explaining that "the plan upon confirmation returns so much of that property to the debtor's control as is not necessary to the fulfillment of the plan"); *In re Heath*, 115 F.3d 521, 524 (7th Cir. 1997) (providing to the estate "only so much of the income (or her other property) as necessary to the fulfillment of the plan").  The government does not mention these cases in its latest motion, and indeed, fails to cite any cases in support of its newest position regarding post-confirmation property.  Not only is this new legal argument improper for a motion for reconsideration, *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007), but the Court also finds it to be without merit.  Rather than adopting a position that apparently has no caselaw support, the Court continues to

agree with the growing majority of courts that post-confirmation property is property of the estate.

Finally, the government argues that *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), altered the Rule 12(b)(6) standard.  However, *Twombly* merely held that a complaint that alleged only parallel conduct did not state a claim for an antitrust conspiracy.  127 S. Ct. at 1970-71.  The Supreme Court did not purport to change the applicable 12(b)(6) standards, and in any event, this Court's opinion explained that "a court is not required to accept as true unwarranted legal conclusions and/or factual allegations."  (citing *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 327 (6th Cir. 2006)).  Having fully addressed the issues under the proper standard, the Court need not repeat its earlier opinion here.

For the foregoing reasons, the government's motion is DENIED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated:  6/28/07